Robinson
*vs.*
Robinson.

*Plaintiff nonsuit.*

---

### JOSEPH FOGG *versus* ENOCH CLARK AND AL.

Where a devise was in these words : " *I will all my landed property in N. to F., son of F.*"—held that the devise took a fee.

THIS was a writ of entry, in which the demandant counted upon his own seizin of several tracts of land in North-Hampton, and upon a disseizin by the tenants. The cause was tried here, upon the general issue, at February term, 1817, when a verdict was taken for the tenants, subject to the opinion of the court upon the following case :

One Simeon Fogg, being seized of the demanded premises, on the 28th of January, 1798, made his will as follows : " As to my real and personal estate, I do will the same to " be disposed of as follows :

" I will to S. P. one good cow, to be given her at eighteen " years of age. I will to S. F., son of J. F., 100 dollars, " to be paid in one year after my decease. I will to A. M., " son of J. M., 50 dollars, to be paid by my executor in " three years after my decease.

" I will all my landed property in North-Hampton, and all " my land in Pittsfield, to Abner Fogg, son of Jonathan Fogg, " he, as my executor, paying out all my willed legacies.

" I will all my part of the house, and barn, and saw-mill, " to Abner Fogg, son of Jonathan Fogg.

" I will all my marsh land, in Hampton, to Abner Fogg, " son of Jonathan Fogg.

" Thus having disposed of my real and personal estate, " by this my last will and testament, I do hereunto set my " hand."

Simeon Fogg died soon after the date of the said will. After the death of Simeon Fogg, Abner Fogg entered into the demanded premises, and died. The demandant claims the demanded premises as heir of Simeon Fogg. The tenants claim under Abner Fogg.

*James Smith*, for the defendants, cited the following cases. *Cowper* 657, *Denn ex dem. Gaskin* vs. *Gaskin.*--6 *Cruise* 247, 250, 253, 315, 319.—2 *Vezey* 48.—*Douglas* 730, *Right* vs. *Sidebotham & al.*—5 *D. & E.* 558, *Denn* vs. *Mellor.*—8 *D. & E.* 497, *Doe* vs. *Allen.*—2 *Bl. Com.* 108. —*Cro. Car.* 157, *Ansley* vs. *Chapman.*—2 *Atkins* 341.— 10 *Mass. R.* 303, *Sargent & al.* vs. *Towne.*—3 *Wilson* 414, *Frogmorton* vs. *Wright & al.*—*Cowper* 235, *Roe* vs. *Blackett.*—*Cowper* 290, *Hogan* vs. *Jackson.*—*Cowper* 352, *Loveacres* vs. *Blight & ux.*

*J. Tilton*, and *E. Cutts, jr.*, for the tenants, cited 1 *Salk.* 236, *Bridgewater* vs. *Bolton.*—2 *P. Williams* 523, *Barry* vs. *Edgeworth.*—3 *P. Williams* 294, *Tanner* vs. *Wise.*— 3 *Cranch* 97, *Lambert* vs. *Page.*—2 *D. & E.* 656, *Fletcher* vs. *Smiton.*—7 *East* 259, *Roe* vs. *Wright,*—14 *East* 370, *Doe* vs. *Yend.*—12 *Johnson* 389, *Jackson* vs. *Babcock.*— 16 *East* 220.

The opinion of the court was delivered by

BELL, J. The only question in this case is, whether Abner Fogg took an estate for life, or in fee, in the premises demanded, under the will of Simeon Fogg. If he took only an estate for life, the demandant is entitled to judgment; if an estate in fee, judgment must be rendered for the tenants. The primary rule, in the construction of wills, is, that the intention of the devisor shall be carried into effect, if it can be consistently with the established rules of law. This intention is, in general, to be collected from the language of the will itself; although courts have, in some few instances, adverted to extraneous circumstances, to learn the intention of the testator.(1) In deeds of conveyance it is, in general,

(1) 10 Mass. Rep. 303, Sargent & al. vs. Towne.

necessary to use words of inheritance, to pass an estate in fee ; but in the case of wills, if it appear from the whole of the provision of the will that the testator intended to give a fee, or that the general intent of the testator cannot be carried into effect without construing the devise as giving a fee, a fee will pass by such devise without the word " *heirs*," or any other words of inheritance.

Another rule, in the construction of wills, is, that if the testator merely signify his intention that the devisee should have his lands without other words disclosing his intention as to what estate the devisee is to have in the lands, the devise passes only a life estate. This rule, it is believed, frequently contravenes the rule that the intention of the testator shall govern the construction. It was observed, by Lord Mansfield, in the case of *Loveacres* vs. *Blight, Cowper* 355, " that when the lands are given (by will) to another, " generally without words of limitation, the donee has only " an estate for life ; but (he adds) I really believe almost " every case determined by this rule, as applied to devises " of lands, has defeated the real intention of the testator. " For common people, and even others, who have some " knowledge of the law, do not distinguish between a be- " quest of personalty, and a devise of land or real estate. " But as they know when they give a man a horse, they " give it him forever, so they think, if they give a house or " land, it will continue to be the sole property of the per- " son to whom they have left it. Notwithstanding this, " where there are no words of limitation, the court must " determine in the case of a devise affecting real estate, that " the devisee has only an estate for life. Because the prin- " ciple is fully settled and established, and no conjecture " of a private imagination can shake a rule of law. But as " this rule of law has the effect I have just mentioned of de- " feating the intention of the testator in almost every case " that occurs, the court has laid hold of the generality of " other expressions in a will, where such can be found, to

" take the devise out of this rule."   The same opinion, as to the operation of this rule, has been expressed by almost every other judge who has been called upon to decide cases where the rule applies : and, it may be added, that this rule more frequently interferes with the intention of the testator here, than in Great Britain, where life estates, by deed or devise, are more common.

The devise, in this case, to Abner Fogg, contains no words of inheritance ; it must, therefore, be construed to pass only a life estate, unless it otherwise appears from the words used in the will that the testator must have intended to give a greater estate.   The introductory words of the will intimating the testator's intention to dispose of his whole estate, raise a presumption that the testator, by this devise, intended to give a fee.   Because, if only a life estate passed by it, the remainder in fee was not disposed of by the will.   But such introductory words, it has been often decided, are not sufficient to pass a fee, where the words of the devise themselves import nothing beyond a mere devise of the land, without expressing the nature of the estate which the devisee is to have in it.   Such introductory expressions are still entitled to some consideration ; and when accompanied with other expressions, general or particular, corroborating the presumption that the testator intended to give a fee, may cause such words to pass a fee without any words of inheritance, although such devise, unconnected with them, might not be sufficient for that purpose.

Where the words of a devise of lands, without expressly particularizing the nature of the estate intended to be given, describe, not only the local situation, but also the quantity of the testator's interest in it, the devise has been holden to pass such interest or estate in the land to the devisee. Thus, a devise of " *my estate in A.*," without other words, has been held to pass a fee ; the word " *estate*" having relation to the quantity of the testator's interest in the lands in A., and necessarily importing all his interest, which is, of

course, a fee, if the testator had a fee in it. (1)  So the words, "*all my effects, real and personal*," have been held to pass a fee. (2)  So the words "*all my interest*," when used in a devise of lands, pass a fee. (3)  The words of this devise, "*all my landed property in North-Hampton*," distinctly refer to the extent of the testator's interest in the land ; and, taken in connexion with the introductory words of the will, disclosing his intention to dispose of his whole estate, afford sufficient evidence that he intended to give a fee.

The word *property*, in its most strict and proper sense, relates solely to the quantity of estate in the land, and unless words restraining it signification are added, always means the whole interest.  The word *property*, in such connexion, is synonymous with the word *estate* or *interest*, and includes every thing in the land which the testator possessed.  We entertain no doubt that Simeon Fogg intended to give Abner Fogg a fee in the land in North-Hampton, and we are of opinion that the words he has used in this devise, according to established legal rules of construction, are sufficient to carry that intention into effect.  There must, therefore, be

*Judgment on the verdict.*

Fogg
*vs.*
Clark & al.

(1) 3 Cranch 97,
Lambert vs.
Paine.  Cowp.
355, Loveacres
vs. Blight.  1 D.
& E. 411, Holdfast vs. Martin.

(2) Cowp. 299,
Hogan vs. Jackson.

(3) Doug. 759,
Right vs. Sidebotham.