### IN THE

# SUPERIOR COURT OF JUDICATURE.

### FOR THE

# COUNTY OF HILLSBOROUGH, OCTOBER TERM,

## A. D. 1823.

---

## MARY M'AFEE *versus* ADAM GILMORE.

D. M. by his last will devised to his wife, one third part of his real estate, and the use and improvement of the other two thirds till his daughters S. and M. should severally arrive at the age of eighteen years, in case his said wife should support, clothe, and educate the said daughters. He then devised the said two thirds to his said daughters, in equal shares, when they should severally arrive at the age of eighteen years. The testator died, April 3, 1809. The oldest of the two daughters died in August, 1809, aged about four years.

It was held—that the devise of "two thirds of the real estate," was sufficient to pass a fee without other words ; that the daughters took a vested estate of inheritance at the death of their father, as tenants in common by virtue of the will ; and that the share of the deceased daughter belonged to her mother, as sole heir.

THIS was a writ of entry, in which the demandant counted on her own seizin of two undivided third parts of several tracts of land in Bedford, and upon a disseizin by the tenant.

M'Afee
v.
Gilmore.

As to one undivided third part of the demanded premises, the tenant disclaimed all claim of title, and as to the residue, he pleaded the general issue.

The cause was submitted to the decision of the court upon the following facts.

David M'Afee being seized of the demanded premises, by his will, dated the 24th March, 1809, devised the same as follows :—"I give and bequeath to my beloved wife Polly, one third of my real estate, &c. And my further will is, that my said wife Polly should have the use and improvement of the other two thirds of my real estate, until my daughters Sally and Mary severally arrive to eighteen years of age, in case my said wife Polly support, clothe, and educate my said children, until said period. I give and bequeath to my said daughters Sally and Mary, when they severally arrive to eighteen years of age, the last two thirds abovementioned, in equal shares between them. And my further will is, that in case my executors should think it would be advantageous to have said two thirds sold, then my will is that my executors should sell said two thirds of my real estate &c. and that my said wife should have the use of the proceeds of said sale, until my said daughters severally arrive to eighteen years of age, and then to be paid over to said Sally and Mary, &c."

David M'Afee died April 3, 1809, leaving his said daughters, mentioned in his will, his only heirs. The daughter Sally was born in 1805, and died in August, 1809. The daughter Mary, who is the demandant in this case, was born in 1808.

Polly, the testator's widow, is now the wife of the tenant ; and the will of the said David has been duly proved and allowed.

The cause was argued by *Parker* and *Woodbury*, for the demandant, and by *Atherton* for the tenant.

RICHARDSON, C. J. delivered the opinion of the court.

The provisions of the will of David M'Afee, which are recited in this case, are somewhat inartificially drawn.

The appropriate words to give to the devisees an estate of inheritance are not used. But no doubt can exist that it was the intention of the testator to give a fee, or that the words used are sufficient to pass such an estate. Com. Dig. "Devise" N 4 ; 1 N. H. Rep. 163, *Fogg* v. *Clark.*

The testator gave to his wife, a chattel interest in the two thirds of his estate which he devised to his daughters, and in terms, devised to his daughters their respective shares when they should arrive at the age of eighteen years.

But it is very clear, that if the daughters took any estate by virtue of the will, they took a vested estate of inheritance at the decease of the testator, subject to the chattel interest of their mother. 2 Atkins 304, *Trodd* v. *Downes* ; Com. Dig. "Devise" N 8 ; 9 East, 400, *Doe* v. *Cundall* ; 14 East, 601, *Doe* v. *Moore.*

Power is given to the executors to sell the two thirds which are given to the daughters. But that could not have the effect to keep the estate from vesting in the devisees ; although it might vest subject to be divested by a due exercise of the power. 4 D. & E. 39, *Doe* v. *Martin.*

It is very clear, that Sally M'Afee became seized, on the death of her father, of an undivided third part of the estate, either by descent or by purchase, and that she died so seized ; and the questions are, whether the mother or the sister, is sole heir, or whether they are coheirs ?

The decision of these questions depends upon another question, and that is, whether the daughters took the estate by descent, or by purchase under the will ? For if they took by descent, as Sally died under the age of twenty-one years, her share, by the express words of the statute, went to her sister, the demandant.

But if they took by purchase under the will, then the mother took either the whole of Sally's estate, as sole heir, or one half, as coheir with the demandant, accord-

ing to the construction, which is to be given to the statute regulating descents.

It is a settled rule of law, that where the same estate is devised to the heir in quantity and quality, as he would have taken by descent, if there had been no devise, the devise is void, and the heir will take by descent. But where by the devise a different estate is given from that which the law would give, the will prevails. Coke Litt. 12, *b*, note 63 ; 1 Salk. 241, *Clerk* v. *Smith* ; 3 Lev. 127, *Hedger* v. *Rowe*.

Thus if a man have only one son, his sole heir, and he devises to that son his estate in fee, the son will take by descent, because the devise gives the same estate both in quantity and quality as the law would have given, and is therefore void. But if he have more than one heir, and devises his estate to his heirs in fee, they will take by purchase under the will, whether the devise be made to them as joint tenants or tenants in common, because the quality of the estate given by the devise is different from the quality of the estate which the law would have given, they being coparceners by descent, but tenants in common or joint tenants by the devise. 1 Leonard, 112 & 315 ; Powell, on Devises, 284–292.

We are therefore of opinion, that Sally M'Afee took as a purchaser under the will, and not by descent, and the question, to whom does her estate belong, must be settled by the statute of February 3, 1789, entitled "an act ordering the descent of intestate estates," &c. 1 N. H. Laws, 207.

This statute establishes two general rules of succession. When any person dies seized of real estate and intestate. The first rule is, " *the same shall descend in equal shares among his children and such as legally represent such of them as may be dead.*"

The second rule is, " *where there are no descendants the inheritance shall descend equally to the next of kin, in equal degree, and those who represent them.*"

To this second rule there are several exceptions.

*I. No person shall be admitted as a legal representative of collaterals, beyond the degree of brother's and sister's children.*

*II. When any of the children of an intestate die before arriving at the age of twenty-one years, and unmarried, such deceased child's share shall descend among the surviving brothers and sisters, and such as represent them.*

This exception can operate only in cases where the deceased child leaves a mother, and brothers or sisters.

In such a case, by the rule, the mother would take the estate of her deceased child as next of kin. But by this exception the share of the father's estate, which such child received, is to be distributed in the same manner, as it would have been, had the child died before the father. This exception applies only to estate which may have descended from the father.

*III. When any of the children of an intestate die "after having arrived to the age of twenty one years, unmarried, and intestate in the life time of the mother, she shall inherit equally with every brother and sister,"* This exception applies only to estate coming by descent from the father, and the effect of it is this ; by the rule, the mother as next of kin would take the whole ; the exception makes her inherit only equally with the brothers and sisters.

*IV. When any person dies intestate after marriage, or arrival to twenty one years of age without lawful issue, leaving the father, the whole estate of such intestate shall go to the father.*

The effect of this exception is to give to the father alone, what by the rule, would go to the father and mother as next of kin.

*V. When any person dies intestate after marriage, or arrival to twenty one years of age without lawful issue, and leaving no father living, the mother shall be entitled to an equal share of the estate with the brothers and sisters of the intestate and their legal representatives.*

Here, by the rule, the mother would take the whole as next of kin, but the exception makes her inherit equally with the brothers and sisters.

Such were the general rules of succession in this state, under the statute of 1789, and such the exceptions. It is very clear, that the case now before us is not within the letter of any exception, and if it cannot be brought by sound construction within some exception, the mother must, by the general rule, take the whole estate as next of kin.

In Massachusetts, where the general rules of descent have always been the same as in this state, an opinion is said to have prevailed upon a clause in their statute, containing exceptions to the general rule, substantially the same as the second and third exceptions in our statute of 1789, that the mother shall inherit equally with the brothers and sisters, in all cases, except where the share of a deceased child is given to the brothers and sisters. 12 Mass. Rep. 490, *Sheffield* v. *Lovering*.

But that opinion was founded upon the circumstance that those exceptions were a revision of a former statute, to whose provisions, and the construction that had been put upon them, a tacit reference was supposed to have been had.

But the only rules of descent which had been prescribed by statute previous to the year 1789, in this state, were the same as the rules prescribed by the statute of that year, and to those rules there were only two exceptions, in substance the same as the two first exceptions in the statute of 1789. Prov. Laws, 104. The provisions of the elder statute cannot, therefore, throw any light upon that statute.

It is also worthy of remark, that such a construction, given to the third exception in that statute, would render nugatory the fifth exception in the same statute.

We are, therefore, of opinion, that the sole heir of Sally M'Afee is her mother, and that there must be

*Judgment for the tenant.*